**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-4734**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LIDOINE SANDOVAL ORTEGA,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:21-cr-00379-FL-1)

─────────────

Submitted:  October 22, 2024                    Decided:  October 24, 2024

─────────────

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Thomas R. Wilson, GREENE WILSON CROW & SMITH, PA, New Bern, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lidoine Sandoval Ortega appeals his conviction and the 60-month sentence imposed following his guilty plea to possession with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). On appeal, Ortega's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the validity of Ortega's plea and the procedural reasonableness of his sentence. Though notified of his right to do so, Ortega has not filed a pro se supplemental brief. The Government has declined to file a response brief. We affirm.

Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Ortega did not preserve any claim of error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *United States v. Vonn*, 535 U.S. 55, 58-59 (2002); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing standard).

*Anders* counsel questions whether Ortega's chronic pain prevented him from knowingly pleading guilty. Counsel also questions whether the Government improperly induced Ortega's plea. At the Fed. R. Crim. P. 11 hearing, Ortega stated that his pain

2

medication did not impede his understanding of the proceedings and that he had not been coerced into pleading guilty. Based on these statements, which "carry a strong presumption of verity," *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks omitted), and our review of the Rule 11 hearing, we conclude that Ortega's guilty plea was knowing, voluntary, and supported by an independent basis in fact.

Next, we review Ortega's sentence for procedural reasonableness, applying a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). In doing so, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

*Anders* counsel questions whether, in calculating the Guidelines range, the district court improperly relied on a purity level of methamphetamine that was not charged in the indictment. However, it is well settled that "a sentencing court may consider uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence." *United States v. Grubbs*, 585 F.3d 793, 799 (4th Cir. 2009). And here, laboratory testing confirmed that the methamphetamine Ortega possessed was 100 percent pure. Accordingly, we discern no error in the court's reliance on an uncharged purity level.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Ortega, in writing, of the right to petition the

3

Supreme Court of the United States for further review. If Ortega requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ortega.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*